# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.:   1:16CV1911 |
|  |        1:13CR308 |
| Respondent, |  |
|  | JUDGE DONALD C. NUGENT |
| v. |  |
|  |  |
| THOMAS G. FRANCE | <u>MEMORANDUM OPINION</u> |
|  | <u>AND ORDER</u> |
| Petitioner. |  |

This matter comes before the Court upon Petitioner, Thomas France's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. (ECF # 215). Petitioner seeks to vacate his sentence on one count of conspiracy to commit wire and bank fraud in violation of 18 U.S.C. §§ 371, 1343 and 1344, and four counts of bank fraud in violation of 18 U.S.C. § 1344.

## FACTUAL AND PROCEDURAL HISTORY

On June 26, 2013, Petitioner was charged in an indictment with one count of conspiracy to commit wire and bank fraud in violation of 18 U.S.C. §§ 371, 1343 and 1344, and four counts of bank fraud in violation of 18 U.S.C. § 1344. (ECF # 1, p. 1). On April 10, 2014, Petitioner was convicted by a jury on all counts. (ECF # 126). After the conviction, Petitioner filed a Motion for Acquittal. (ECF # 133). On July 10, 2014, while the acquittal motion was still pending, this Court sentenced Petitioner to 125 months in prison, followed by three years supervised release and restitution in the amount of $3,087,400. (ECF # 184). Soon after, on April 14, 2014, this Court denied Petitioner's Motion for Acquittal. Additionally, on November

6, 2014, the Sixth Circuit affirmed this Court's decision. (ECF # 212).

On July 29, 2016, Petitioner filed the instant Motion to Vacate under 28 U.S.C. 2255. (ECF # 215).  Petitioner claims that his counsel deprived him of effective assistance by attaching hospitalization records to the sentencing memorandum instead of records regarding Petitioner's recent diagnosis of Hashimotto's Disease.  (Id. at p. 9). On August 31, 2016, the Government filed a Response to Petitioner's Motion to Vacate, arguing that Petitioner's claims are without merit and should be denied. (ECF # 217).

## ANALYSIS

### I.    Legal Standards

#### A.    Motion to Vacate under 28 U.S.C. § 2255

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.  As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing on the motion.  *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where there "record conclusively shows that the petitioner is entitled to no relied") (quoting *Arredonda v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235

2

(6th Cir. 1996). Petitioner in this case alleges violations of his constitutional rights based upon ineffective assistance of counsel.

### B.     Requirements to Prove Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, Petitioner must satisfy the standards set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

To prove that his counsel's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Additionally, a defendant must prove that counsel's deficient performance prejudiced its defense. *Id.* The judicial scrutiny of counsel's performance must be highly deferential and a reviewing court should avoid second-guessing defendant's counsel by giving counsel wide latitude in its trial decisions. *Id.* at 689; see also *Lewis v. Alexander*, 11 F.3d 1349, 1363 (6th Cir. 1993).

## II.     Ineffective Assistance of Counsel Claim is Unfounded

### A.     Petitioner's Counsel's Performance was not Deficient

Petitioner's counsel's performance was not deficient since it did not fall below the "objective standard of reasonableness" required under *Strickland*. The alleged "mistaken" attachment of Petitioner's hospitalization records instead of his Hashimotto's diagnosis records is not enough to support an ineffective assistance of counsel claim. Petitioner's attorney did not

3

commit a serious error.  This Court was already well-informed of Petitioner's recent Hashimotto's diagnosis, and Petitioner's attorney kept this Court informed by further discussing the diagnosis at sentencing.  (ECF # 200).  Petitioner therefore fails to meet to first prong of *Strickland* since his counsel's performance was not deficient and did not fall below the "objective standard of reasonableness."

### B.    Petitioner was not Prejudiced by Counsel's Performance

Even if Petitioner's counsel's performance was deficient, Petitioner's ineffective assistance of counsel claim still fails since the "deficient" performance did not prejudice his defense.

### 1.    Sentencing

Petitioner's counsel's performance at sentencing did not prejudice Petitioner's defense. Petitioner argues that his attorney prejudiced his defense by attaching hospitalization records to the sentencing memorandum instead of records corroborating Petitioner's recent Hashimotto's diagnosis. (ECF # 215, p. 8). Petitioner argues that the records regarding Hashimotto's would have been mitigating evidence and would have resulted in a downward departure under the Sentencing Guidelines. (Id. at p. 10).  Petitioner's argument fails because this Court was aware of his recent Hashimotto's diagnosis, as it was adequately discussed in the Presentence Investigation Report. In addition, Petitioner's counsel further addressed the Hashimotto's diagnosis at sentencing and argued that Petitioner receive a variance in sentence under Section 5H1.3 and 5H1.4 of the Sentencing Guidelines.  (ECF # 200).  This Court recognized counsel's argument and decided that such a variance was without merit.  (Id.).  It is clear that Petitioner's counsel's failure to attach records regarding the Hashimotto's diagnosis did not prejudice

4

Petitioner's defense.

Additionally, Petitioner argues that the hospitalization records that were attached to the sentencing memorandum were "used against him" and resulted in a greater sentence. (ECF # 215, p. 11). This argument is also unfounded since this Court imposed a lesser sentence than the one that the Government recommended. Although the Government cited to the hospitalization records in arguing that Petitioner should be sentenced to the high-end of the sentencing range, those hospitalization records were not cited by this Court when it imposed Petitioner's actual sentence of 125 months. (ECF # 200, p. 30, 49). This Court instead cited Petitioner's "community support and all [his] other good works" when it granted Petitioner a two-level downward departure from the recommended range. (Id. at 49). Therefore, Petitioner's argument that it was prejudiced by the "mistaken" attachment of hospitalization records is completely without merit.

### 2.      Self-Reporting

Petitioner also argues that the attachment of his hospitalization records were "used against him" when this Court denied his motion for extension of time to self-report. (ECF # 215, p. 5). This Court's decision to deny Petitioner's motion was not influenced by the attachment of the hospitalization records. Rather, this Court denied the motion because Petitioner had "delayed the inevitable long enough and should be required to . . . begin serving his sentence." (ECF # 207, p. 3). Because this Court did not even consider the attached hospitalization records in its decision to deny Petitioner's motion, Petitioner's defense was not prejudiced.

Petitioner has failed to present any evidence to support his claims of ineffective assistance of counsel. Petitioner's attorney's performance was not deficient and did not fall below the

"objective standard of reasonableness" called for in *Strickland*. In addition, even if Petitioner's attorney's performance was deficient, Petitioner's defense was not prejudiced. Petitioner's claims of ineffective assistance of counsel are merely speculative and are thus insufficient to support a motion to vacate sentence under 28 U.S.C. §2255. Since Petitioner has offered no evidence that meet the requirements set forth in *Strickland*, his ineffective assistance of counsel claims are dismissed.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

6

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880,

893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner

must demonstrate only that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been

denied on a procedural ground without reaching the underlying constitutional claims, the court

must find that the petitioner has demonstrated that reasonable jurists could debate whether the

petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could

debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition

or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a

substantial showing of the denial of a constitutional right and there is no reasonable basis upon

which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a

certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to

no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the

reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to

28 U.S.C. § 2255 (ECF # 215) is DENIED. Furthermore, because the record conclusively shows

that Petitioner is entitled to no relief under § 2255,  the Court certifies, pursuant to 28 U.S.C. §

7

1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no

basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).  IT

IS SO ORDERED.


DONALD C. NUGENT
United States District Judge


DATED: September 13, 2016

8